THE FREMONT, ELKHORN & MISSOURI VALLEY RAILROAD
COMPANY, PLAINTIFF IN ERROR, V. LYDIA A. WARD,
DEFENDANT IN ERROR.

Right of Way: DAMAGES. Case examined and found to fall
within the rules expressed in the case of this plantiff in error v.
Whalen, *ante* 585. For want of testimony to warrant the
verdict and for erroneous instructions to the jury, judgment
reversed.

ERROR to the district court for Stanton county.

*Joy & Wright*, for plaintiff in error.

*H. C. Brome* and *John A. Ehrhardt*, for defendant
in error.

BY THE COURT.

This case presents no questions not already fully con_
sidered during this term of the court in the case of
this plaintiff in error v. Whalen, *ante* p. 585. The mode
of estimating damages and the several instructions to
the jury were precisely the same as in that case, and
in the two other cases of the same company against
Lamb, *ante* p. 592. It is unnecessary, therefore, to say
more than that for errors precisely similar to those
pointed out in those cases, there must be a new trial
in this one.

However, as showing the paucity of evidence on
which, under the instructions of the court, damages
to the amount of five hundred dollars were found by
the jury, we will add that, in addition to the opinion
of witnesses called by the defendant in error as to the
value of the lot before and after the location of the
road, she produced no testimony whatever. The prop-
erty in question is a lot in the town of Stanton. This

much the jury were told, but they were not advised of the quantity taken, nor of the situation of what remained. The nearest approach to information of this description is made in the cross-examination of the witness H. C. Davis, wherein ·he says that the road took "off a corner on the south-east part of the land."

For the reason that there was no legitimate testimony to warrant the verdict, and for errors in the instructions to the jury, pointed out in the case against Whalen above referred to, the judgment must be reversed and a new trial awarded.

REVERSED AND REMANDED.